IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-10145-01-WEB |
| ) | |
| ALBERTO DEL RIO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on the defendant's objection to the Presentence Report. The court ruled orally on the objection at the sentencing hearing of January 3, 2005. This written memorandum will supplement the court's oral ruling.

1. <u>Defendant's Objection</u>. Defendant objected to a 2-level increase in ¶ 34 of the PSR, which is based on a finding that the defendant possessed a firearm in connection with the offense. *See* USSG § 2D1.1(b)(1). Defendant argues the undisputed facts in ¶ 25 of the Report show that the undercover officer never actually saw a gun, and he further points out that no gun was ever recovered. Defendant contends the evidence is not sufficient to support a finding that he possessed a gun.

The court finds that the 2-level enhancement for possession of a gun is appropriate. The undisputed facts in the Presentence Report show that the defendant claimed to have a gun during the offense, and he lifted up his shirt to display a rectangular bulge in his waistband to the undercover officer. The circumstances show by a preponderance of the evidence that this was more likely than not a firearm. Accordingly, the objection is denied.

2.  <u>Downward Departure</u>.  The Presentence Report noted a possible basis for a downward departure based on the defendant's significant cultural and family ties to the United States and the substantial hardship resulting from his likely deportation.  The court notes it is undisputed that the defendant has resided in the United States with his parents and siblings since he was four years old; he was educated in the United States and speaks English; and he has a record of employment in the United States.  Based on the factors identified in the Presentence Report, the court, without objection, granted a downward departure of 2-levels from the otherwise applicable guideline range.  This adjustment results in an applicable guideline range of 70-87 months instead of 87-108 months.

*Conclusion*.

Defendant's objection to the Presentence Report is DENIED; however the court grants defendant a 2-level downward departure pursuant USSG 5K2.0.  The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this __4th__ Day of January, 2005, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge